UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MOSTAFA AHMED, a/k/a MIKE FARAG,

                Plaintiff,

      - against -

HEARTLAND BREWERY LLC,
JON BLOOSTEIN and CARL CLEMENTS,

                Defendants
-----------------------------------------------------------x

05 CV 2652

Docket Number
**VERIFIED COMPLAINT**
**JURY TRIAL DEMANDED**

RECEIVED MAR - 8 2005 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by his attorney, David E. Duhan, complaining of Defendants, all upon information and belief, alleges as follows:

## NATURE OF ACTION

1. This action is to remedy discrimination on the basis of age and conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964 for employment discrimination and the Civil Rights Act of 1991, P.L. 102-166, the Age Discrimination in Employment Act of 1967 and pendent claims under New York Executive Law §296 and New York City Administrative Code § 8-107.

2. Injunctive and declaratory relief, monetary and liquidated damages and other appropriate legal and equitable relief are sought pursuant to Civil Rights Act of 1991, P.L. 102-166, the Age Discrimination in Employment Act of 1967, New York Executive Law § 296 and New York City Administrative Code § 8-107.

## JURISDICTION and VENUE

3. Jurisdiction of this Court is pursuant to 29 U.S.C. § 626(c)(1).

4. As the defendants do business in this judicial district, venue in the Southern District is proper.

## COMPLIANCE WITH ADMINISTRATIVE PREREQUISITE

5. Plaintiff filed charges of discrimination against defendant with the New York State Division of Human Rights and more than sixty days have elapsed from the date of filing. Plaintiff filed charges of discrimination against defendants with the Equal Employment Opportunity Commission. The Equal Employment Opportunity Commission issued a Right-to-Sue letter (*see*, Exhibit 1) which was received on or about December 13, 2004. Plaintiff has fully complied with the administrative prerequisites to commencing this action pursuant to 29 U.S.C. § 626(d) and 29 U.S.C. § 633(b).

## PARTIES

6. Plaintiff resides at 45 Bleecker Street, Apt. # 3, Brooklyn, NY 11221. Plaintiff was, at all times relevant to this action, employed as a manager for Defendant Heartland Brewery LLC.

7. Defendant Heartland Brewery has its principal address, at all times relevant to this action, at 35 Union Square West, New York, NY 10003.

8. Defendant Jon Bloostein was a president at Defendant Heartland Brewery LLC during the relevant time periods complained of herein.

9. Defendant Carl Clements was a general manager at Defendant Heartland Brewery LLC during the relevant time periods complained of herein.

## ALLEGATIONS

10. Plaintiff was 48 years of age at the time of the alleged discriminatory conduct. Defendants' conduct is discriminatory with respect to the following: actual and/or perceived age.

11. Plaintiff is an employee within the meaning of 29 U.S.C. § 630(f), New York Executive Law § 296 and New York City Administrative Code § 8-107.

12. Defendant Heartland Brewery LLC is an employer within the meaning of 29 U.S.C. § 630 (b)(c)(d), New York Executive Law § 296 and New York City Administrative Code § 8-107.

13. Defendants are engaged in commerce within the meaning of 29 U.S.C. § 630(h).

14. The acts complained of in this action concern unlawful discharge due to the actual and/or perceived age of Plaintiff by Defendants, individually and/or collectively.

15. On or about March 31, 2004, Plaintiff was terminated from employment with Defendant Heartland Brewery.

16. On or about March 31, 2004, Plaintiff was informed by Defendant General Manager Carl Clements that Plaintiff did not "fit in" at Heartland Brewery LLC because most of the staff at Defendant Heartland Brewery were in their twenties and that the customers were young.

17. Plaintiff was 48 years of age at the time the alleged discriminatory acts occurred.

18. On or about March 15, 2004, Plaintiff was hired by Defendant Heartland Brewery as a manager.

19. On or about March 19, 2004, Defendants issued a favorable rating of Plaintiff's performance as a manager for Defendant Heartland Brewery LLC.

20. Plaintiff believes that the Defendants are still committing discriminatory acts against him.

21. If relief is not granted, plaintiff will be irreparably denied the rights secured by Title

VII of the 1964 Civil Rights Act, the Civil Rights Act of 1991, P.L. 102-166, the Age Discrimination in Employment Act of 1967, New York Executive Law §296 and New York City Administrative Code § 8-107.

22. The U.S. Equal Employment Opportunity Commission determined that the Plaintiff established a prima facie case of discrimination against Defendants herein.

23. Despite numerous requests from The U.S. Equal Employment Opportunity Commission to the Defendant's to demonstrate a legitimate, non-discriminatory reason for the adverse actions against Plaintiff, Defendant refused to demonstrate any such reason or to offer an explanation of any kind whatsoever.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this court enter judgment in favor of Plaintiff pursuant to the above claims:

a) Declaring the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964 for employment discrimination, the Civil Rights Act of 1991, P.L. 102-166, the Age Discrimination in Employment Act of 1967and pendent claims under New York Executive Law §296 and New York City Administrative Code § 8-107;

b) Enjoining and permanently restraining the violation of Title VII of the Civil Rights Act of 1964 for employment discrimination, the Civil Rights Act of 1991, P.L. 102-166, the Age Discrimination in Employment Act of 1967 and pendent claims under New York Executive Law §296 and New York City Administrative Code § 8-107;

c) Directing Defendants to take such affirmative action as necessary to insure that the effects of the unlawful employment practices complained of herein are eliminated and do not

continue to effect Plaintiff's employment opportunities;

   d) Granting judgment against Defendants to make Plaintiff whole for all earnings he would have received but for Defendants' discriminatory and unlawful treatment, including, but not limited to, future and past lost wages, lost salary increases, pension benefits, insurance and lost professional opportunities in an amount to be determined after trial believed to be in excess of one million ($1,000,000) dollars;

   e) Granting judgment against Defendants for emotional and mental distress in an amount to be determined after trial believed to be in excess of one million ($1,000,000) dollars for the Plaintiff;

   f) Awarding punitive damages in an amount to be determined after trial believed to be in excess of one million ($1,000,000) dollars for Plaintiff;

   g) Granting judgment against Defendants as compensatory damages in an amount to be determined after trial believed to be in excess of one million ($1,000,000) dollars;

   h) Awarding the Plaintiff the costs and disbursements of this action, together with reasonable attorney's fees;

   i) Granting such other and further relief as the Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff hereby demands, pursuant to 29 U.S.C. § 656 or 633(c) and Rule 38(b) of the Federal Rules of Civil Procedure a trial by jury in this action.

Dated:  March 7, 2005
        Brooklyn, New York

                                            _____
                                            David E. Duhan, Esq.

## CLIENT VERIFICATION

STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF KINGS    )

Mostafa Ahmed, a/k/a/ Mike Farag, being duly sworn, deposes and says: I am the plaintiff in the action herein. I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matter I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Documents, and conversations with interested individuals.

_____
MOSTAFA AHMED, a/k/a/ MIKE FARAG

Sworn to before me this
7th day of March, 2005

_____

DAVID E. DUHAN
Notary Public, State of New York
No. 02DU5020926
Qualified in Queens County
Commission Expires December 6, 20 05