```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
MOSTAFA AHMED a/k/a/ MIKE FARAG,

        Plaintiff,
                                          05 CV 2652(RCC)(HBP)
    v.
HEARTLAND BREWERY LLC,
JON BLOOSTEIN and CARL CLEMENTS,

        Defendants.
-----------------------------------x
```

<u>DEFENDANTS' RULE 56.1 STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Local Rule 56.1, defendants Heartland Brewery LLC, Jon Bloostein, and Carl Clements, hereby submit this statement of material facts as to which defendants believe there are no genuine issue to be tried.

1. Heartland Brewery operates brewery restaurants in New York City, including one at a location in Union Square in Manhattan (Goldberg Declaration, at ¶2).

2. In mid-March 2004, plaintiff, Mostafa Ahmed (a/k/a Mike Farag) was hired as one of two Floor Managers of Heartland's Union Square Brewery (Ahmed Dep. 67; Bloostein Dep. 17).

3. Plaintiff was hired following a series of interviews with Heartland's Chief Executive Officer, Jon

1

Bloostein, Union Square General Manager Carl Clements, and Director of Operations Rich Pietromonaco (Ahmed Dep. 41-54; Bloostein Dep. 8, 10-11; Clements Dep. 7-8).

4. Bloostein made the final decision to hire plaintiff, after Pietromonaco and Clements recommended that plaintiff be hired (Bloostein Dep. 12-14; Clements Dep. 7-8).

5. At the time of deciding to hire plaintiff, Bloostein believed that plaintiff was around the same age as Bloostein, which was 46 years old at the time (Bloostein Dep. 18).

6. At all relevant times, Bloostein and Pietromonaco were in their forties, and Clements was 26 years old (Bloostein Dep. 18, 26; Clements Dep. 17).

7. About a week before plaintiff was hired, Heartland also hired Diana Esquivel as a Floor Manager for the Union Square location and, at the time she was hired, Ms. Esquivel was 40 years old (Ahmed Dep. 75-76; Goldberg Declaration at ¶8).

8. Floor Managers are responsible for opening and closing the restaurant, handling of cash, counting the safe, management of point of sale functions, supervising the staff, interacting with customers, and "running the floor" (i.e. the

2

restaurant and bar areas) (Ahmed Dep. 61, 77-80; Clements Dep. 9, 18-19)

  9. As one of the Floor Managers at Union Square, plaintiff reported directly to Clements who was the General Manager at that location; Clements reported to Pietromonaco who, in turn, reported to Bloostein (Bloostein Dep. 14, 27; Clements Dep. 7).

  10. During the two-week period of his employment, plaintiff had difficulty with opening the restaurant facility's safe on at least two occasions (Ahmed Dep. 106; Clements Dep. 9-10).

  11. On one occasion when plaintiff was closing the restaurant, his safe count was $50 short in dimes (Ahmed Dep. 93-95; Clements Dep. 13).

  12. On one occasion when plaintiff was working, he failed to make sufficient change from a large denomination into smaller ones in the cash drawer (Ahmed Dep. 90, 104).

  13. Clements, who was General Manager of the Union Square facility and to whom plaintiff reported, received complaints from some employees, including Richard Pilla and Taryn DeVito, that plaintiff did not interact well with the staff (Bloostein Dep. 68-69; Clements Dep. 9).

3

14. Clements received a complaint from a bartender at the Union Square facility, Richard Pilla, that plaintiff failed to intercede when a customer began to berate the hostess, Alida, even though, as Floor Manager, plaintiff's job was to handle customer complaints (Bloostein Dep. 68-69; Clements Dep. 9-10).

15. Clements reported to Pietromonaco and Bloostein on the performance issues noted in paragraphs 10 to 14 above (Bloostein Dep. 43-44; Clements Dep. 14).

16. After two weeks of employment, Bloostein, Pietromonaco and Clements concluded that plaintiff, who had promoted himself during the interview process as an experienced restaurant manager, failed to exhibit managerial skills at a level satisfactory to the defendants, and Bloostein made the decision to terminate plaintiff's employment (Bloostein Dep. 42, 55-56, 64-65, 68-69; Clements Dep. 11-14).

17. Plaintiff's age was not a factor in the decision to terminate his employment (Bloostein Dep. 42-43; 69).

18. In April 2004, after Clements resigned his employment, Diana Esquivel, age 40, was promoted by Bloostein and Pietromonaco from Floor Manager to General Manager at the Union Square location, succeeding Clements (Goldberg Declaration ¶8).

4

19. During 2003 and 2004, defendant Heartland terminated the employment of eighteen (18) individuals, including plaintiff, at its locations in New York City. The ages of two of the terminated employees are unknown to defendants but of the sixteen other terminated employees, nine were in their twenties, six were in their thirties, and plaintiff was the only terminated employees known to be older than 36 years of age (Exhibit D to Goldberg Declaration).

20. Bloostein has hired or promoted individuals in their forties and fifties to be Floor Managers and General Managers, both before and after plaintiff's employment, including Irene Perez (age 48), Rick Jermak (age 52), and Charles Bell (age 52) (Bloostein Dep. 19-21).

22. Pietromonaco is 42 years old and Bloostein is 48 years old (Bloostein Dep. 18, 26).

5

DATED:   January 22, 2007
         New York, New York

                 Respectfully submitted,


                 _____
                 Adin C. Goldberg (AG4786)

                 Day Pitney LLP
                 7 Times Square
                 New York, NY 10036-7311
                 Tel: (212) 297-5800
                 Fax: (212) 916-2940

                 Attorneys for Defendants
                   Heartland Brewery LLC,
                   Jon Bloostein and Carl Clements

<u>CERTIFICATE OF SERVICE</u>

      I have caused the foregoing AFFIRMATION OF ADIN C. GOLDBERG, to be served by facsimile transmission and by regular mail, this 7th day of July 2006, upon David E. Duhan, Esq., attorney for plaintiff, 80-02 Kew Gardens Road, Suite 1010, Kew Gardens, NY 11415 (fax number 888-270-0557).

                                            _____
                                            Adin C. Goldberg